UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JERRY KAY LOWE, JR.,

    Plaintiff,

v.                               No.:  3:11-cv-2
                                     (VARLAN/GUYTON)

DEPUTY JUSTIN BECKMAN,
BLOUNT COUNTY JAIL, and
SHERIFF JIM BERRONG,

    Defendants.

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Blount County Detention Center. He alleges that on October 7, 2010, after arguing with plaintiff's cell mates, defendant Beckman turned to plaintiff and stated: "If you have a problem with it, we will go to the bull pen and I will kick your ass." [Doc. 2, Complaint, p. 3]. Plaintiff further alleges that this threat has caused him

to fear for his safety, to be unable to sleep, and to suffer paranoia and other mental health problems. He seeks compensatory damages for the injury to his mental health.

Allegations of verbal abuse, threats or defamation by a guard to a prisoner, without more, are not cognizable under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). In order to state a claim for relief under § 1983, there must be an actual infringement of a constitutional right, not merely a threat to do so. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985). "[H]arassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

In addition, pursuant to the Prison Litigation Reform Act, an inmate may not recover damages for mental or emotional suffering in the absence of a physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff makes no allegation that he has suffered a physical injury.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to

2

Case 3:11-cv-00002-TAV-HBG   Document 4   Filed 01/06/11   Page 2 of 4   PageID #: 20

relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Blount County Detention Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

3

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE